MR. JUSTICE WEBER,
dissenting:
*298 I respectfully dissent from the majority opinion to the extent that it affirms in its entirety the award fashioned by the arbitrator. I have concluded that the award of reinstatement to the teachers is beyond the power granted to the arbitrator.
The extent of the power of review by the District Court of the arbitration award is stated in section 27-5-301, MCA.
“The court or judge, on motion, may vacate the award upon any of the following grounds and may order a new hearing before the same arbitrators or not, in its or his discretion:
“(3) The arbitrators exceeded their powers in making the award, or they refused or improperly omitted to consider a part of the matters submitted to them . . . .”
In fashioning his award, it is my conclusion that the arbitrator disregarded a key portion of the collective bargaining agreement between the parties, that being Art. XVII, Grievance Procedure; Section 7, Arbitration; Subdivision 6, Jurisdiction:
“The arbitrator shall have jurisdiction over disputes or disagreements relating to grievances properly before the arbitrator pursuant to the terms of this procedure. The jurisdiction of the arbitrator shall not extend to proposed changes in terms and conditions of employment as defined herein and contained in this written agreement; nor shall an arbitrator have jurisdiction over any grievance which has not been submitted to arbitration in compliance with terms of the grievance and arbitration procedure as outlined herein; nor shall the jurisdiction of the arbitrator extend to matters of inherent managerial policy as defined in Article IV of this Agreement. In considering any issue in dispute, in its order, the arbitrator shall give due consideration to the statutory rights and obligation of the school district to efficiently manage and conduct its operation within its legal rights in the operation of the school district.” (Emphasis supplied.)
*299 Article IV of the Agreement in pertinent part states:
“ARTICLE IV
“SCHOOL DISTRICT RIGHTS
“Section 1: Inherent Managerial Rights: The exclusive representative recognizes that the school district is not required to and is not permitted to meet and negotiate on matters of inherent managerial prerogatives, which include but are not limited to the following: directing employees, hiring, promoting, transferring, assigning and retaining employees . . .
Under Article IV it is apparent that there can be no collective bargaining on the question of retaining an employee teacher. When we again look at the Grievance Procedure under Article XVII, we see that the jurisdiction of the arbitrator does not extend to matters of inherent managerial prerogative, which would include the retaining of employees. Thus, it seems clear that under this collective bargaining agreement the arbitrator is not allowed to require retention of a teacher as an arbitration remedy. I note that the majority opinion disagrees with this conclusion and suggests that such a position is untenable because it effectively leaves the aggrieved teachers without a remedy. I respectfully disagree with that conclusion.
Under Subdivision 6, the arbitrator clearly has jurisdiction over this dispute. Notwithstanding this jurisdiction over the dispute, it is clear that the subdivision does not allow the arbitrator, as an example, to propose changes in the terms and conditions of employment; nor does he have jurisdiction to made decisions which are matters of inherent managerial policy as defined under Article IV, which specifically includes retaining of employees.
In this instance, the arbitrator’s award stated:
“2. The proper remedy for this violation is to offer Dorothy Tone and Connie Undem reinstatement to their former or comparable positions, together with back-pay less all interim earnings from the effective date of termination to the date of reinstatement or refusal of reinstatement . . .”
*300 The effect of this award is to require the District to retain the two employees for their fourth year, thereby giving them tenure. This award disregards the District’s undisputed prerogative to make decisions regarding the retaining of employees. It seems clear that under the collective bargaining agreement the remedy to be awarded in this instance should have been limited to a dollar award equal in amount to the loss suffered by the teachers. That would constitute an appropriate remedy which does not violate the negotiated contract.
I would vacate the reinstatement remedy and remand for a determination by the arbitrator of such a dollar amount as he finds to be reasonable to meet the losses of the teachers, but specifically excluding a reinstatement award.